# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RANDALL S. KRAUSE,** | |
| Plaintiff, | 8:14CV94 |
| vs. | **ORDER TO** |
| **CITY OF OMAHA,** | **SHOW CAUSE** |
| Defendant. | |

This matter is before the Court on its own motion. Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In the process of preparing for trial, the Court has attempted to verify its subject matter jurisdiction over claims made by Randall S. Krause ("Krause") against the City of Omaha.[1]

Krause alleges that this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201-02. "Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.'" *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). There is no Article III case-or-controversy if a plaintiff does not have standing. *Id.* To have standing, a plaintiff must establish the following "'irreducible constitutional minimum' requirements":

> (1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (*i.e.,* a "fairly ... trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

---

[1] Although the City of Omaha raised justiciability and lack of subject matter jurisdiction as affirmative defenses in its Answer (Filing No. 8 at ¶4), it did not file a motion to dismiss or motion for summary judgment.

*Id.* at 274-273 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)).

In his Amended Complaint, Krause fails to allege an injury in fact. Krause does not assert a particularized injury to himself, nor does he assert a particularized injury to public health or the environment. Moreover, in his Amended Complaint Krause does not allege that the City of Omaha violated any law. In his request for relief Krause only "asks the Court to determine through a declaratory judgment if the materials that the [City of Omaha] applies to streets in the City of Omaha for snow and ice control during the winter season become 'solid waste' under 42 U.S.C. § 6903 (27) after they have served their intended purpose." (Filing No. 6 at ¶30).

Even if the Court broadly construed the Amended Complaint as alleging harm to public health or the environment, which it does not, Krause specifically admitted that this action is not intended as a suit under 42 U.S.C. § 6972 (Filing No. 10 at ¶4).

It appears that Krause does not have standing to bring this suit because he did not allege a particularized injury nor did he cite any authority under which he may bring this suit. Thus, the Court concludes that it does not have subject-matter jurisdiction to hear this case. Accordingly,

IT IS ORDERED:

1. On or before February 23, 2015, Krause will file a memorandum showing cause why his claims against the City of Omaha should not be dismissed by this Court due to a lack of subject-matter jurisdiction;

2. The City of Omaha may respond to Plaintiff's memorandum on or before March 9, 2015;

3. In the absence of the filing of a timely memorandum by the Plaintiff showing cause why this action should not be dismissed for lack of subject-matter jurisdiction, the action will be dismissed; and

4. Trial is continued pending the Court's determination of its subject matter jurisdiction.

Dated this 9th day of February, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge