FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

15 FEB 11 PM 3: 26

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Randall S. Krause, ) | |
| Plaintiff, ) | **8:14cv94** |
| v. ) | |
| ) | **PLAINTIFF'S MEMORANDUM** |
| City of Omaha, ) | **SHOWING CAUSE** |
| Defendant. ) | |

## I. Introduction

Plaintiff Randall S. Krause ("Krause") seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to resolve a controversy. The controversy arises from the City of Omaha's failure to acknowledge that sand, rock salt, calcium chloride, magnesium chloride, and beet extract ("the materials") that the City of Omaha applies to streets for snow and ice control during the winter season constitute "solid waste" under 42 U.S.C. § 6903(27) after they have served their intended purpose.

## II. Jurisdiction

Krause may bring this suit in federal court under the Declaratory Judgment Act because the controversy is substantial and concrete, touches the legal relations of parties with adverse interests, and is subject to specific relief through a decree of conclusive character. See *Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-41 (1937).

Krause asserts an independent basis for federal jurisdiction pursuant to 28 U.S.C. § 1331, because this civil action arises under 42 U.S.C. § 6903(27), which is part of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6992k.

Krause may seek declaratory relief under the Declaratory Judgment Act regardless of whether further relief could be sought under a citizen suit pursuant to 42 U.S.C. § 6972. See 28 U.S.C. § 2201(a). To obtain a declaratory judgment in this matter, Krause does not have to allege that an irreparable injury is threatened by the City of Omaha's actions. See *Nashville, C. & St. L. Ry. Co. v. Wallace*, 288 U.S. 249, 264. Nonetheless, the City of Omaha's failure to acknowledge that the materials that the City of Omaha applies to

streets for snow and ice control constitute solid waste under RCRA after they have served their intended purpose causes an injury in fact to Krause.

### III. Legally Protected Interest

Krause's legally protected interest in this matter is the protection of his environment. This interest is invaded upon by the City of Omaha's failure to acknowledge that the materials constitute solid waste under RCRA after they have served their intended purpose.

"RCRA is a comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 483, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996). "RCRA establishes a 'cradle-to-grave' regulatory structure for the treatment, storage and disposal of solid and hazardous wastes." *Conn. Coastal Fishermen's Ass'n v. Remington Arms Co.*, 989 F.2d 1305, 1313 (2d Cir. 1993). "The statutory purpose of RCRA is to protect the environment from the dangers associated with solid and hazardous wastes. 42 U.S.C. § 6901(b)." *Craig Lyle Ltd. Partnership v. Land O'Lakes, Inc.*, 877 F.Supp. 476, 480 (D.Minn. 1995). "The Congressional findings [in RCRA] provide that 'disposal of solid waste and hazardous waste in or on the land without careful planning and management can present a danger to human health and the environment.' 42 U.S.C. § 6901(b)(2)." *Zands v. Nelson*, 779 F.Supp. 1254, 126 (S.D. Cal. 1991). Krause alleges that the majority of the materials that the City of Omaha applies to streets for snow and ice control are disposed of by runoff after they have served their intended purpose. And unless they are excluded by the statue, materials that have been "disposed of" constitute "solid waste" within the meaning of RCRA. *American Mining Congress v. U.S. EPA*, 824 F.2d 1177, 1193 (D.C. Cir. 1987). The City of Omaha's failure to acknowledge that the materials constitute solid waste after they have served their intended purpose results in the disposal of solid waste without careful planning and management, presenting a danger to Krause's environment, which invades upon his legally protected interest preserved by RCRA.

"RCRA, 42 U.S.C. § 6943(a) requires state [solid waste management] plans to 'provide for...any combination of practices' to dispose of solid waste in an 'environmentally sound' manner." *Parola v. Weinberger*, 848 F.2d 956, 962 (9th Cir. 1988). The City of Omaha is

part of the Metropolitan Area Planning Agency ("MAPA") that prepares the Integrated Solid Waste Management Plan ("the plan") for the Omaha metropolitan area. Employees of the City of Omaha are members of the Solid Waste Steering Committee responsible for producing the plan. The City of Omaha's failure to acknowledge that the materials constitute solid waste after they have served their intended purpose results in the disposal of solid waste by runoff without assurance that the solid waste is being disposed of in an environmentally sound manner, which invades upon Krause's legally protected interest preserved by RCRA.

RCRA states that "public participation in the development, revision, implementation, and enforcement of any regulation, guideline, information, or program [under RCRA] shall be provided for, encouraged, and assisted by the Administrator [of the EPA] and the States." 42 U.S.C. § 6974(b)(1). The City of Omaha's failure to acknowledge that the materials constitute solid waste after they have served their intended purpose prevents Krause from participating in a revision to the MAPA Integrated Solid Waste Management Plan that includes guidelines for the proper disposal of the solid waste generated by the City of Omaha's snow and ice control activities, which invades upon Krause's legally protected interest preserved by RCRA.

### IV. Conclusion

In the Court's Order to Show Cause, the Court errs by concluding that Krause's admission in Filing No. 10 at ¶4 that his action is not intended as a suit under 42 U.S.C. § 6972 amounts to an admission that his environment is not threatened by the City of Omaha's actions. The Court's error is shown in ¶2 of the same filing, where Krause specifically states that his motivation for this action is "the protection of the environment." Krause's interest in protecting his environment is a legally protected interest preserved by RCRA. The City of Omaha's failure to acknowledge that the materials that the City of Omaha applies to streets for snow and ice control constitute solid waste after they have served their intended purpose invades upon Krause's legally protected interest.

A declaration from the Court that the materials that the City of Omaha applies to streets for snow and ice control constitute "solid waste" under 42 U.S.C. § 6903(27) after they

have served their intended purpose will begin the process of developing guidelines to ensure that all of the materials are disposed of in an environmentally sound manner.

Dated: 2/11/2015         By: /s/ Randall S. Krause
                              Randall S. Krause
                              604 S. 22nd St., Apt. 515
                              Omaha, NE 68102
                              Email: krause_randall@hotmail.com
                              Ph. (402) 206-7045

### Certificate of Service

I certify that on 2/11/2015, I mailed a copy of the Plaintiff's Memorandum Showing Cause by United States Postal Service to Alan M. Thelen at 1819 Farnam St., Suite 804, Omaha, NE.

/s/ Randall S. Krause