IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDALL S. KRAUSE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA,<br><br>　　　　　　Defendant. | 8:14CV94<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on its own motion. On February 9, 2015, this Court entered an Order to Show Cause (Filing No. 21), requiring Plaintiff Randall S. Krause ("Plaintiff") to file a memorandum showing cause why his claims against the City of Omaha (the "City") should not be dismissed by this Court due to lack of subject-matter jurisdiction. On February 11, 2015, Plaintiff filed a memorandum in response to the Court's Order. (Filing No. 22). Thereafter, the City filed a response to Plaintiff's memorandum. (Filing No. 23). After reviewing the Parties' responses, the Court is not persuaded that it has subject-matter jurisdiction over Plaintiff's claim against the City.

## DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In his Amended Complaint (Filing No. 6), Plaintiff only seeks a declaratory judgment that the materials the City deposits on the streets of Omaha for snow and ice control are "solid waste" as defined in 42 U.S.C. § 6903(27). "For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'"

*Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937)). Under Article III of the Constitution, "[f]ederal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This is because "Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.'" *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008).

There is no Article III case-or-controversy if a plaintiff does not have standing. *Id.* To have standing, a plaintiff must establish the following "'irreducible constitutional minimum' requirements":

> (1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (*i.e.,* a "fairly ... trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Id.* at 274-273 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)) (alterations in original).

In its Order to Show Cause the Court noted that Plaintiff failed to allege an injury in fact in the Amended Complaint. In his request for relief, Plaintiff only "asks the Court to determine through a declaratory judgment if the materials that the [City] applies to streets in the City of Omaha for snow and ice control during the winter season become 'solid waste' under 42 U.S.C. § 6903(27) after they have served their intended purpose." (Filing No. 6 at ¶30).

Although it is not apparent from the face of the Amended Complaint, Plaintiff claims in his memorandum that his injury is harm to his environment and his motivation is protection of the environment. (Filling No. 22 at 3.) Even if Plaintiff had alleged an injury to his environment in the Amended Complaint, such an injury raises "only a generally available grievance about government" and "does not state an Article III case or controversy." *See Lujan*, 504 U.S. at 573-74.

Nor do the allegations in the Amended Complaint support any finding of causation or redressability. The Amended Complaint does not explain how the City's conduct caused any harm to Plaintiff's environment, or how Plaintiff's injuries would be redressed by this action.[1] In other words, the alleged harm to Plaintiff's environment would not be resolved if the Court declared that the materials the City deposited on the streets were solid waste as defined by 42 U.S.C. § 6903(27).

On the face of the Amended Complaint, Plaintiff lacks standing to bring this action, and granting Plaintiff's request for relief would result in a mere advisory opinion. Therefore, the Court does not have subject-matter jurisdiction over the above-captioned matter, and Plaintiff's Amended Complaint will be dismissed.

IT IS ORDERED:

1. Plaintiff's Amended Complaint (Filing No. 6) is dismissed; and

---

[1] Plaintiff claims that "[a] declaration from this Court that the materials that the [City] applies to streets for snow and ice control constitute 'solid waste' under 42 U.S.C. § 6903(27) after they have served their intended purpose will begin the process of developing guidelines to ensure that all of the materials are disposed of in an environmentally sound manner." (Filing No. 22 at 3-4.) Plaintiff does not ask the Court to order that the materials are disposed of in any specific manner, nor does he identify any cause of action that gives the Court authority to do so. The statute cited in the Amended Complaint, 42 U.S.C. § 6903(27), defines a term, but it does not create a cause of action. As stated above, "[f]ederal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' . . . ." *Chafin*, 133 S. Ct. at 1023.

2. A separate Judgment will be entered.

Dated this 16th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge